UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONAH NITZKIN,

    Plaintiff,

-vs.-

ONE RELIANCE LLC,

    Defendant.

_____

Case No.

**DEMAND FOR JURY TRIAL**

## COMPLAINT & JURY DEMAND

**NOW COMES THE PLAINTIFF, JONAH NITZKIN, THROUGH COUNSEL, CREDIT REPAIR LAWYERS OF AMERICA, BY CARL SCHWARTZ**, and for his Complaint against Defendant, pleads as follows:

### JURISDICTION

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq. ("MCPA") the Michigan Occupational Code at M.C.L. § 339.901 et seq. ("MOC") and the Telephone Consumer Protection Act at 47 U.S.C. 227(a)(1) ("TCPA").

1

2. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

3. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims, pursuant to 28 U.S.C. §1367.

## PARTIES

4. Plaintiff is a natural person residing in the City of Auburn Hills, Oakland County Michigan. Plaintiff is a "consumer" and "person" as the terms are defined and used in the FDCPA. Plaintiff is also a "consumer," "debtor" and "person" as the terms are defined and or used in the MCPA and MOC.

5. The Defendant to this lawsuit is One Reliance LLC which is a foreign limited liability company that conducts business in the State of Michigan.

## VENUE

6. The transactions and occurrences which give rise to this action occurred in the City of Auburn Hills, Oakland County, Michigan.

7. Venue is proper in the Eastern District of Michigan, Southern Division.

## GENERAL ALLEGATIONS

8. Defendant has repeatedly called Plaintiff on his cellular phone attempting to collect a consumer type debt allegedly owed by Anika Montgomery. ("The Debt").

9. Defendant first started calling Plaintiff on his cellular phone in April 2021 and made the following robocalls leaving unsolicited messages:

    a. 4/21/2021 from (320) 406-1054 and left voicemail;

    b. 4/22/2021 from (320) 406-1054 and left voicemail;

    c. 4/23/2021 from (813) 788-5524 and left voicemail;

    d. 4/28/2021 from (248) 289-9995 and left voicemail; and

    e. 5/4/2021 from (857) 322-7900 and left voicemail.

10. Defendant's voicemail messages were left with an option to connect to the information center at One Reliance and stated that they were looking for Anika Montgomery and it was looking to serve her in the county where she lives, implying there was a lawsuit filed.

11. On April 26, 2021, after receiving several unsolicited calls from Defendant, Plaintiff called Defendant's (800) 290-3935 telephone number and spoke to a person and Plaintiff informed Defendant that it was calling the wrong person and Plaintiff asked Defendant to stop calling his cellular phone.

12. On April 28, 2021, two days after Plaintiff told Defendant to stop calling him, Plaintiff received a call and a voice mail on his cellular phone from Defendant from a phone number using a 248-area code.

13. On April 28, 2021, after receiving the unsolicited call from Defendant, Plaintiff called Defendant and once again asked Defendant to stop contacting him on his cellular phone.

14. Plaintiff had no previous business relationship with respect to the Debt or Anika Montgomery. At no time did Plaintiff give Defendant permission to contact him on his cellular telephone for any business related to the Debt or Anika Montgomery.

15. On April 30, 2021, Credit Repair Lawyers of America, on behalf of Plaintiff, sent Defendant a Cease-and-Desist letter.

16. On May 4, 2021, Defendant made another call to Plaintiff and left a voicemail threatening service of papers and a lawsuit.

17. Defendant contacted Plaintiff on his cellular phone after Plaintiff instructed Defendant to stop contacting him, in violation of the FDCPA.

18. Defendant contacted Plaintiff after Defendant was notified that Plaintiff was represented by an attorney and after receiving a Cease-and Desist Letter, in violation of the FDCPA.

19. Defendant's contacted Plaintiff's cellular phone using and an automatic telephone dialing system in violation of the TCPA.

20. Plaintiff has suffered pecuniary and emotional damages as a result of Defendant's actions.

## COUNT I- VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff incorporates the preceding allegations.

22. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

23. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

24. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

25. Defendant's actions in attempting to collect the Debt violated the following provisions of the FDCPA:

    a. 15 U.S.C. § 1692c(a)(2) by contacting the consumer to collect the debt when it knows that the consumer is represented by an attorney. Defendant violated this section of the FDCPA when it continued to directly contact Plaintiff to collect the alleged debt after it was served with the Cease-and-Desist letter;

5

b. 15 U.S.C. §1692d(5) by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in collection of a debt by causing Plaintiff's phone to ring repeatedly or continuously and leaving voicemail messages with intent to annoy after Plaintiff advised Defendant that the number it was calling did not belong to Anika Montgomery and to stop calling him;

c. 15 U.S.C. § 1692e(2)(a) by misrepresenting the character, amount, or legal status of any debt. Defendant misrepresented the character and legal status of the debt belonging to someone else and by threatening service of process and a lawsuit;

d. 15 U.S.C. § 1692e(5) by threatening to take action that cannot legally be taken or is not intended to be taken.  Defendant violated this provision when it threatened to serve papers on Plaintiff and pursue a lawsuit against Plaintiff for a debt that does not belong to him; and

e. 15 U.S.C. §1692e(10) by using deceptive means to collect or attempt to collect any debt when it placed phone calls to Plaintiff using a 248- area code even though it does not maintain offices in the Oakland County, Michigan area. Defendant knew or should have known that the Plaintiff, would see this telephone number and area code and be

duped into believing that the caller was from the Oakland County, Michigan area.

26. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

27. Plaintiff has suffered harm and damage at the hands of the Defendant as this harm was one specifically identified and intended to be protected against on behalf of a consumer, such as the Plaintiff, by Congress.

28. Defendant's false representations and deceptive means to collect a debt owed by another person unknown or related to Plaintiff resulted in Plaintiff suffering emotional distress, anxiety, humiliation, embarrassment, worry and nervousness.

29. Defendant's repeated attempts to contact Plaintiff after being advised not to contact by Plaintiff resulted in Plaintiff suffering annoyance, harassment, anxiety, worry, and stress regarding Defendant's unauthorized contact and collection efforts.

30. Defendant's repeated attempts to contact Plaintiff after being told Plaintiff is represented by and attorney and asked to cease and desist all contact resulted in Plaintiff suffering annoyance, harassment, anxiety, worry, and stress regarding Defendant's unauthorized contact and collection efforts.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

31. Plaintiff incorporates the preceding allegations by reference.

32. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

33. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

34. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:

    a. MCL §339.915 (n) by using a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring repeatedly or continuously after Plaintiff told Defendant that the phone number they were calling did not belong to Anika Montgomery and after receiving a Cease-and-Desist letter from Plaintiff's attorney; and

    b. MCL §339.915 (q) by failing to implement a procedure designed to prevent a violation by an employee.

35. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

36. These violations of the Michigan Occupational Code were willful.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

37. Plaintiff incorporates the preceding allegations by reference.

38. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

39. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

40. Defendant's foregoing acts in attempting to collect this debt violated the following provisions of the MCPA:

    a. MCL §445.252(n) by using a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring repeatedly or continuously after Plaintiff told Defendant that the phone number they were calling did not belong to Anika Montgomery and after receiving a Cease-and-Desist letter from Plaintiff's attorney; and

    b. MCL §445.252 (q) by failing to implement a procedure designed to prevent a violation by an employee.

41. Plaintiff has suffered damages as a result of these violations of the MCPA.

42. These violations of the MCPA were willful.

## COUNT IV - VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT.

9

43. Plaintiff reincorporates the preceding allegations by reference.

44. At all relevant times, Defendant, upon information and belief, was using an "automatic telephone dialing system" in connection with its offending contacts with Plaintiff as that term is defined in the TCPA, at 47 U.S.C. 227(a)(1).

45. At no time has the Defendant ever had an "established business relationship" with Plaintiff as that term is defined in the TCPA, at 47 U.S.C. 227(a)(2).

46. In violation of the proscription against contacting persons using an automatic telephone dialing system on cellular telephones, the Defendant made several calls to Plaintiff's cellular phone in contravention of 47 USC 227(b)(1)(A)(iii).

47. Defendant's violations of the TCPA were willful and knowing.

48. Plaintiff has suffered damages as a result of these violations of the TCPA, including actual monetary loss or $500.00 for each violation, whichever is greater pursuant to 47 USC 227(b)(3)(B).

49. As a result of Defendant's willful and knowing violation of the TCPA, Plaintiff's damages include an amount equal to not more than 3 times the amount available under subparagraph (B) pursuant to 47 USC 227(b)(3).

50. Plaintiff has a private right of action as a result of Defendant's violations of the TCPA pursuant to 47 U.S.C. 227(b)(3).

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the Defendant:

a. Actual damages.

b. Statutory damages.

c. Treble damages.

d. Statutory costs and attorneys' fees.

Respectfully submitted,

May 26, 2021

/s/ Carl Schwartz
CARL SCHWARTZ P70335
GARY A. HANSZ P44956
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email –carl@crlam.com