UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JONAH NITZKIN**, <br><br> Plaintiff, <br><br> vs. <br><br><br> **ONE RELIANCE LLC,** <br><br><br> Defendant. | 2:21-CV-11231-TGB-KGA <br><br><br> **ORDER GRANTING MOTION FOR DEFAULT JUDGMENT AND MOTION FOR ATTORNEY'S FEES** |

Plaintiff brought this action against One Reliance LLC seeking damages under the Fair Debt Collection Practices Act ("FDCPA"), the Telephone Consumer Protection Act ("TCPA"), and two related state laws. He alleges he received multiple phone calls from Defendant trying to collect a debt owed by someone else, and that Defendant kept calling him even after he informed Defendant it had the wrong number.

One Reliance has not appeared or otherwise defended itself in this action. For the reasons that follow, the Motions for Default Judgment and for Attorney Fees are **GRANTED.** Defendant is **ORDERED** to pay $7,500 to Plaintiff and $5,528.25 to his counsel.

I.  BACKGROUND

Plaintiff Jonah Nitzkin brings this action against One Reliance LLC. He alleges in his Complaint that Defendant left him a voicemail on April 21, 2021, indicating that it was trying to collect a debt from Anika Montgomery. He received two more calls on April 22 and April 23 from the same number, again attempting to collect the debt. On April 26, 2021, Plaintiff called Defendant's customer service line and informed the representative that they had the wrong number and should stop calling him. On April 28, 2021, he received a call with the same recorded voice, but this time with a local (248) area code. He called customer service again that same day and told Defendant to stop calling him. On April 30, 2021, Plaintiff's attorney also sent Defendant a cease-and-desist letter. Plaintiff's final contact with Defendant was on May 4, 2021, when he alleges that the company left him a voicemail threatening a lawsuit against him. ECF No. 1, PageID.3-5.

Plaintiff filed his Complaint on May 26, 2021. ECF No. 1. When Defendant failed to file an answer or otherwise defend the action, he began the process to bring a motion for default judgement. To bring such a motion, Plaintiff must provide proof that he served the Defendant with the Complaint, which he did on July 28, 2021. ECF No. 3. He must also request and receive a clerk's entry of default, which he did on September 29, 2021. ECF No. 5. The Court held a hearing on the Motion for Default Judgment (ECF No. 7) on February 23, 2022. At that time the Court also

instructed Plaintiff to file his Motion for Attorney's Fees. Plaintiff's attorney timely submitted such a motion on February 25, 2022. ECF No. 9. It is accompanied by supporting documentation listing the hours worked on this case. ECF No. 9-2. Both Motions are therefore ripe for consideration and will be addressed in this Order.

## II.  STANDARD OF REVIEW

### A. Default judgments

Default judgments are governed by Fed. R. Civ. P. 55. Pursuant to Rule 55(b), the Court may enter a default judgment against a defendant who fails to defend against an action. To obtain such a judgment, the moving party must first request for the Clerk of the Court to for an entry of default under Fed. R. Civ. P. 55(a). *Shepard Claims Serv. Inc. v. Williams Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986). Upon the entry of default, all well-pled allegations of the plaintiff's complaint are deemed admitted. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. Jun. 9, 2006) (citing *Visioneering Construction v. U.S. Fidelity and Guaranty*, 661 F.2d 119, 124 (6th Cir. 1981)).

At this point, the plaintiff is free to seek a default judgment award from the court under Fed. R. Civ. P. 55(b)(2). A default judgment on well-pled allegations only establishes a defendant's liability; the plaintiff must still establish the extent of damages. *RQSI Glob. Asset Allocation Master Fund, Ltd. v. APERCU Int'l PR LLC*, No. 3:15-CV-00778-CRS, 2019 WL 1922052, at *4 (W.D. Ky. Feb. 22, 2019), *report and recommendation*

*adopted*, No. 3:15-CV-778-CRS, 2019 WL 1922045 (W.D. Ky. Mar. 29, 2019). Rule 55 does not require a presentation of evidence as a prerequisite to the entry of a default judgment, although it empowers the Court to conduct such hearings as it deems necessary and proper to enable it to enter judgment or carry it into effect. *See* Wright, Miller & Kane, Federal Practice and Procedure, Civil 3rd § 2688.

### B. Attorney's fee award

The Court must award reasonable fees to the prevailing party in an FDCPA action. 15 U.S.C. § 1692k(a)(3). A reasonable "fee is one that is adequate to attract competent counsel, but does not produce windfalls to attorneys." *Hadix v. Johnson,* 65 F.3d 532, 535 (6th Cir. 1995) (quoting *Blum v. Stenson,* 465 U.S. 886, 893 (1984)).

The actual award of fees is discretionary, and courts must determine what fee is reasonable. *Hensley v. Eckerhart*, 461 U.S. 424 (1983). In the Sixth Circuit, courts are instructed to use the lodestar method to calculate a reasonable fee, which involves "multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 551 (6th Cir. 2008) (citing *Hensley*, 461 U.S. at 433). "The district court . . . should exclude from this initial fee calculation hours that were not 'reasonably expended.'" *Hensley*, 461 U.S. at 435.

4

### III.  ANALYSIS

**A. Default judgment**

Plaintiff has appropriately obtained a clerk's entry of default in this case, and Defendant has not made any response or appearance. Therefore, all well-pled factual allegations in the Complaint are admitted. Having considered the materials provided to the Court, including the Complaint, Mr. Nitzkin's affidavit, and his testimony at the hearing, the Court finds there is sufficient evidence to show violations of the Fair Debt Collection Practices Act, the Michigan Collection Practices Act ("MCPA"), and the Telephone Consumer Protection Act.[1] The Court must now determine the amount of the judgment that will be entered in Plaintiff's favor.

    **i.**    **Fair Debt Collection Practices Act, 15 USC § 1692**

Under the FDCPA, Plaintiff is entitled to statutory damages up to $1,000, actual damages, and attorneys' fees and costs. In determining the

---

[1] Plaintiff also made a claim under the Michigan Occupational Code, but at the hearing his counsel clarified that this a pleading in the alternative: the Michigan Collection Practices Act applies to debt collectors, while the Michigan Occupational Code applies to any other person or entity who uses "a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversation repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debtor." MCL § 339.901(n). Because the Complaint alleges that Defendant is a debt collector, the claim is properly stated under the MCPA. The claim under the Michigan Occupational Code is therefore dismissed.

amount of liability, the court must consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." Plaintiff alleges five different violations of the FDCPA, of which the Court finds two to be credibly pled: a violation of 15 U.S.C. § 1692d(5) for engaging in conduct that is meant to "harass, oppress, or abuse" in the course of debt collection, and of 15 U.S.C. § 1692e(2)(a) for misrepresenting the "character, amount, or legal status" of a debt by calling Plaintiff about a debt he did not owe.

In determining the amount of actual damages liability, the court must consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1). Awards for actual damages that stem from emotional damages can vary widely, depending on the conduct of the debt collector. *See, e.g., Becker v. Montgomery, Lynch*, No. CIV.A. 1:02CV 874, 2003 WL 23335929, at \*2 (N.D. Ohio Feb. 26, 2003) ($250 emotional damages award for one violative debt collection letter); *Gervais v. O'Connell, Harris & Assocs., Inc.*, 297 F. Supp. 2d 435, 440 (D. Conn. 2003) ($1,500 emotional damages award when debt collector engaged in egregious conduct and pretended to be a lawyer, but where incident happened over short period of time and was quickly resolved); *Link v. Recovery Sols. Grp., L.L.C.*, No. 17-CV-10844, 2018 WL 1980657, at \*5 (E.D. Mich. Apr. 27, 2018) ($5,000

emotional damages award after plaintiff was threatened with imminent seizure of her property and arrest).

Given that Plaintiff has shown more than one violation of the FDCPA, the Court will award the full $1,000 in statutory damages. As for actual damages, Plaintiff is asking for $5,000 in emotional damages. He testified during the hearing that he suffered from both physical and mental stress because of these phone calls, and in particular was distressed by the last phone call where Defendant threatened to bring a lawsuit against him. He did not present any records indicating that he required medical attention due to these calls, however, and did not testify to any ongoing effects or stress related to the incidents. Given the circumstances of Defendant's conduct and Plaintiff's reaction to it, the Court will award $500 in emotional damages for a total award of $1,500 under the FDCPA.

### ii. Michigan Collection Practices Act, MCL § 445.251

The analysis under the MCPA and the FDCPA is identical. *Boone v. Portfolio Recovery Assocs.*, LLC, No. 2:14-CV-12281, 2014 WL 5473082, at *3 (E.D. Mich. Oct. 27, 2014) ("[W]here a plaintiff's MCPA claims mirror those alleged under the FDCPA, courts need not address those claims separately."). Upon a showing of "injury, loss, or damage" from a violation, the MCPA allows for a Plaintiff to recover actual damages or $50, whichever is greater, and trebled damages if it is a willful violation. MCL § 445.257.

Given Defendant continued to call even after Plaintiff asked it to stop, there is sufficient evidence to show Defendant's actions were willful. Therefore, the MCPA award will be 3x the actual damages, or $1,500.

### iii. Telephone Consumer Protection Act, 47 USC § 227(b)(1)(A)(iii)

The TCPA prohibits defendants from using an automatic or robocall system to make debt collection calls. 47 U.S.C. § 227 (b)(1)(A)-(B). The Complaint and affidavit sufficiently allege that the five calls were made using an automatic dialing system to Plaintiff's cell phone. Plaintiff also testified during the hearing that it was clear to him the calls were robocalls because they all followed the same script, used a robotic-sounding voice, and had the name of the alleged debtor inserted in.

Recovery under the TCPA is $500 per violation or actual damages, whichever is greater, which can be trebled for willful violations. 47 U.S.C. § 227 (b)(3). This trebling is at the Court's discretion for each violation of the Act. Of the five phone calls made to Defendant, only two were made after he told Defendant that it had the wrong number; therefore, the Court will treble the damages award only for these two calls. The total award under the TCPA is therefore $4,500 ($500 for the first three calls, totaling $1500, and $1500 for the last two calls, totaling $3000).

The total award under all three statutes is therefore $7,500.

## B. Fee award

The Court must provide a "concise but clear explanation of its reasons for the fee award." *Binta B. ex rel. S.A. v. Gordon*, 710 F.3d 608, 628 (6th Cir. 2013) (quoting *Hensley*, 461 U.S. at 437). After performing the initial lodestar calculation, the Court is permitted to modify the award upon consideration of relevant factors such as:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Barnes v. City of Cincinnati*, 401 F.3d 729, 745-46 (6th Cir. 2005) (quoting *Blanchard v. Bergeron*, 489 U.S. 87, 91 n. 5 (1989)).

### i. Total hours expended

Plaintiff has submitted one log of billing hours for this case, which include the hours worked for Attorneys Gary Hanz and Carl Schwartz as well as several paralegals. ECF No. 9-2. Though the total hour figure for Mr. Schwartz and Mr. Hanz is not provided in the briefing or in the exhibits, the Court has calculated it to be 13.3 hours. This includes 10.6 hours from the billing log, as well as 2.7 hours spent on the motion for

9

attorney's fees. ECF No. 9, PageID.45. The hours expended by paralegals total to 7.7. All of that work is reasonably related to this case.

### ii. Reasonable hourly rate

To determine a reasonable hourly rate, courts generally look to the "prevailing market rate in the relevant community" for lawyers of similar skill and experience for the type of work at issue in the case. *Yellowbook Inc. v. Brandeberry*, 708 F.3d 837, 850 (6th Cir. 2013).

The Court recently approved rates of $375/hr for Mr. Schwartz and $150/hr for paralegals from his firm in a similar case. *Fatmah Aljahmi v. Ability Recovery Services, LLC*, No. 217CV13772TGBDRG, 2022 WL 891416, at *2 (E.D. Mich. Mar. 25, 2022). These rates are supported by date from the Economics of Law Practice Survey.[2] The Court finds the circumstances of this case to be similar and will use the same rates.

### iii. Lodestar calculation

The initial lodestar calculation of 13.3 hours times $375/hr plus 7.7 hours times $150/hr results in a potential fee award of $6,142.50.

In terms of whether the circumstances of the case or this petition support any increase or reduction in this award, the Court in its discretion will decrease the award by 10% to $5,528.25, for the same

---

[2] The State Bar of Michigan's Economics of Law Practice is a publication that courts in this district routinely use to determine the reasonableness of requested fees. *See* 2020 Economics of Law Practice Attorney Income and Billing Rate Summary Report, https://perma.cc/MYA5-U44H.

reasons it did in *Ajlahmi v. Ability Recovery Services, LLC*. *See* 2022 WL 891416 at *3.

## CONCLUSION

The Motion for Default Judgment (ECF No. 7) is **GRANTED** in the amount of $7,500. The Motion for Attorney Fees and Costs (ECF No. 9) is also **GRANTED.** Defendant is **ORDERED** to pay $7,500 to Plaintiff and $5,528.25 to his counsel. The case is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED** this 13th day of April, 2022.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge